IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NOE E. TIJERINA,

    Plaintiff,

     v.                                                                            No. CIV 15-00714-LH-SMV

STATE OF NEW MEXICO,

    Defendant.

MEMORANDUM OPINION AND ORDER GRANTING MOTION
TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. [Doc. 1] Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). [Doc. 2; *see also* Doc. 5] The filing fee for this civil rights complaint is $350. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons set out below, Plaintiff's civil rights complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that "[o]n February 2nd, 2015, the Plaintiff was coerced by the Public Defender's Office to sign a 'plea bargain' offered by the District Attorney on a cause that was never formally charged by way of Grand Jury Indictment," in violation of Plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.  [Doc. 1]  The complaint alleges federal jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 and seeks compensatory damages.  [Doc. 1]

On August 24, 2015, Plaintiff filed an "Appendix Supplemental Complaint," which seeks to add additional defendants to the present civil rights action, namely, Kari Brandenburg, the District Attorney of the State of New Mexico, and Jorge Alvarado, the Chief Public Defender of the State of New Mexico.  [Doc. 4]  Pursuant to Fed. R. Civ. P. 15(a)(1)(A) "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it."  Plaintiff's civil rights complaint has not yet been served and, therefore, Plaintiff may amend his complaint "once as a matter of course."  Fed. R. Civ. P. 15(a)(1)(A).  It appears that the allegations in Plaintiff's "Appendix Supplemental Complaint" are meant to supplement, not replace, the allegations in Plaintiff's initial civil rights complaint.  Therefore, the Court will treat the initial civil rights complaint [Doc. 1] and the "Appendix Supplemental Complaint" [Doc. 4] together as the operative amended complaint.  The Clerk of the Court will be directed to add Kari Brandenburg and Jorge Alvarado to the caption as defendants.

With respect to Plaintiff's § 1983 claims against the State of New Mexico, it is well

established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "In these circumstances the barrier is not Eleventh Amendment immunity—'[t]he stopper [is] that § 1983 creates no remedy against a State.'" *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (unpublished) (quoting *Arizonans for Official English*, 520 U.S. 69, 70 (1997)). Therefore, Plaintiff's § 1983 claims against the State of New Mexico will be dismissed.

Defendant Brandenburg is immune from Plaintiff's claim for damages under § 1983. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the United States Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Because Defendant Brandenburg's alleged actions fell within the scope of her prosecutorial duties, the Court concludes that Plaintiff's claim for damages is barred by prosecutorial immunity. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir. 1991) (noting that plea bargaining is "an activity that is absolutely immune from liability due to its intimate association with the judicial process").

Lastly, Plaintiff's § 1983 claims against Defendant Alvarado also will be dismissed. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff's § 1983 claims arise out of Defendant Alvardo's traditional function as counsel, *see Garza v. Bundy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished), and, therefore, his amended complaint fails to allege the existence of state action.

Because federal jurisdiction is alleged under 28 U.S.C. § 1343(a)(3), [*see* Docs. 1, 4], Plaintiff's § 1983 claims against Defendant Alvarado will be dismissed without prejudice for lack of subject matter jurisdiction. *See Mehdipour v. Matthews*, 386 F. App'x 775, 778 n.3 ("[A] plaintiff's failure to properly allege a 'state action' in a § 1983 complaint strips the district court of subject matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3)")(10th Cir. 2010) (unpublished).

The Court concludes that it would be futile to permit Plaintiff an opportunity to amend his amended complaint to name a proper defendant. *See Hall*, 935 F.2d at 1110 ("a court may dismiss *sua sponte* 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'") (quoting *McKinney*, 925 F.2d at 365). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a person may not challenge the constitutionality of a conviction in a suit for damages under 42 U.S.C. § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481-82. The allegations in Plaintiff's amended complaint challenge the constitutionality of his conviction and, therefore, his claims for damages are barred by the *Heck* doctrine.

IT IS THEREFORE ORDERED that Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. 2] is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why the payment should be excused;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to add Kari

Brandenburg and Jorge Alvarado to the caption as defendants;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendants State of New Mexico and Brandenburg are DISMISSED with prejudice; and Defendants State of New Mexico and Brandenburg are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendant Alvardo are DISMISSED without prejudice for lack of jurisdiction; Defendant Alvardo is DISMISSED as a party to this action; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE